IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DIVISION OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RON VALENTINE, § | | |
|     Plaintiff § | | |
| § | | |
| V. § | A-16-CV-442-LY | |
| § | | |
| JEREMY JAGODZINSKI, § | | |
| CHRISTI GREENE, and § | | |
| HON. ERIC SHEPPERD, § | | |
|     Defendants § | | |

**ORDER ON *IN FORMA PAUPERIS* STATUS AND
REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO:    THE HONORABLE LEE YEAKEL
          UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Ron Valentine's ("Valentine") Application to Proceed *In Forma Pauperis* (Dkt. No. 2). The District Court referred the above motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. APPLICATION TO PROCEED *IN FORMA PAUPERIS***

After reviewing the financial information in Valentine's *in forma pauperis* motion, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Valentine *in forma pauperis* status and **ORDERS** his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Valentine is further advised that although he has been granted leave to proceed *in forma pauperis*, the Court may, in its discretion,

impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has conducted a § 1915(e) review of the claims made in Valentine's Complaint and Valentine's Addendum and is recommending that the claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon Defendants should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.  SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

Because Valentine has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint and its Addendum under § 1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or fact," *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995)

Pro se complaints are liberally construed in the plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable

claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

A.  **Factual Allegations and Claims**

Valentine brings this cause of action against Defendants Jared Jagodzinski ("Jagodzinski"), Christi Greene ("Greene"), and the Honorable Eric Shepperd ("Shepperd"). Dkt. No. 1. Valentine alleges that the Texas Third Court of Appeals improperly affirmed the trial court's denial of his motion to proceed *in forma pauperis*, thereby depriving him of his rights under the Fourteenth Amendment's Due Process Clause and Equal Protection Clause. *Id*. at 1. Valentine further alleges, in an Addendum to his Complaint, that the permanent injunction entered against him by the Travis County Court as the result of his defeat in a nuisance lawsuit against Jagodzinski and Greene impermissibly deprived him of his rights under the First and Fourteenth Amendments. Dkt. No. 6. Valentine requests the Court reject the Third Court of Appeals's affirmation of the trial court's indigency determination, and further requests that the Court enjoin officials from enforcing the injunctions entered against him in county court.

Valentine's claims have their genesis in a nuisance suit between him and his neighbors,

Jagodzinski and Greene, in early 2013. Dkt. No. 1 at 1. This suit resulted in monetary damages, including punitive damages, against Valentine as well as a series of permanent injunctions. Dkt. No. 3 at 5. The injunction prohibited Valentine from, *inter alia*, recording visual images that included Jagodzinski's and Greene's property; playing music through outdoor speakers; and playing a single song more than one time in any four-hour period. Dkt. No. 3-3 at 3-4. Because Valentine has allegedly failed to adhere to these prohibitions, he is currently the defendant in a contempt of court action brought by Jagodzinski and Greene in county court. Dkt. No. 8 at 1.

Valentine sought review of the judgment from the Texas Third Court of Appeals and filed an affidavit of indigency with the trial court seeking permission to proceed on appeal *in forma pauperis*. Dkt. No. 1 at 1. This affidavit of indigency was contested by Jagodzinski and Greene, and an indigency hearing was set to be heard by Shepperd. *Id.* at 1-2. Valentine, concerned by his past dealings with Shepperd, moved to disqualify him from presiding over the hearing. *Id.* at 2. Apparently, Shepperd acted on Valentine's motion by referring the indigency hearing to another county court judge; at the subsequent hearing, Valentine was denied leave to proceed *in forma pauperis*. *Id.* at 2-3. The trial court's determination on Valentine's indigency was based primarily on the judge's belief that Valentine's homesteaded property, in which he had more than $200,000 in equity, disqualified him from claiming indigency. *Id.* at 2-3; Dkt. No. 6 at 33. This determination was affirmed by the Court of Appeals. *Id.* at 1.

Valentine argues that, because his motion to disqualify Judge Shepperd was not properly disposed of prior to the indigency hearing, the indigency hearing itself was improper. *Id.* at 7. Because the hearing was improper, its findings are void, and Valentine therefore should have been permitted to proceed on appeal *in forma pauperis*. *Id.* Moreover, Valentine claims the trial court

erred by improperly including his homesteaded property in its indigency determination on appeal when it failed to do so at trial. *Id.* at 7-8. In so erring, Valentine claims the court created an improper distinction between classes of litigants—*i.e.* a party proceeding as a plaintiff at trial and a party proceeding on appeal—and, by holding him to a more stringent standard of indigence on appeal vis-à-vis the standard at trial, deprived him of his rights to equal protection. *Id.* at 8. This error also prevented Valentine from freely accessing the courts, thereby violating his right to due process. *Id*.

Valentine's other set of claims, appearing in his Addendum, is that the permanent injunction entered against him is unconstitutional. Dkt. No. 6 at 1. Valentine first argues that the directives prohibiting him from using his outdoor speakers or from repeating a song more than once every four hours violate his First Amendment right to freely exercise his religion. Dkt. No. 6 at 1. Additionally, he claims that the court's prohibitions on photographing or videotaping Jagodzinski and Greene violate his First Amendment right to freedom of expression. *Id.* at 19. Because of these deficiencies, Valentine argues he should not be subject to the injunction, and should therefore not be liable to any contempt of court proceeding. *See id*. at 21-22.

**B.      Merits of Valentine's Claims**

Upon review of Valentine's Complaint and Addendum, and for the reasons set forth below, the undersigned recommends Valentine's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**1.      Errors in State Court *In Forma Pauperis* Proceedings**

Valentine alleges that the trial court erred in his *in forma pauperis* hearing in two ways. First, the trial court held an indigency hearing before disposing of Valentine's motion to disqualify Judge Shepperd. Dkt. No. 1 at 2-3. Valentine claims this error rendered the subsequent indigency

hearing void, as well as the findings of the court regarding Valentine's indigency. *Id.* at 3. Second, Valentine alleges that the trial court incorrectly included the value of the equity in his homesteaded property when determining that he did not qualify for indigent status. *Id.* at 7.

The Court lacks subject-matter jurisdiction over both of these claims. District courts have been charged with having original jurisdiction over all civil actions arising under the Constitution or federal law. 28 U.S.C.A. § 1331. If a court determines at any time that it lacks subject-matter jurisdiction over a cause of action, it must dismiss that cause of action. Fed. R. Civ. Pro. 12(h)(3). Therefore, even if subject-matter jurisdiction is not raised by the parties, a court must consider questions of subject-matter jurisdiction *sua sponte*. *See id.*; *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

In this case, Valentine requests that a federal district court review and reject the indigency determinations made by a state court. The *Rooker-Feldman* doctrine, however, precludes such actions. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. Of Columbia Ct. App. v. Feldman*, 460 U.S. 462 (1983). This doctrine prevents state-court losers complaining of injuries caused by state-court judgments from inviting a district court's review and rejection of those judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Valentine's Complaint asks the Court to act in a way it is expressly intended to eschew: as a court of appellate, and not original, jurisdiction. *See id.* at 283-284. As the Court lacks jurisdiction over Valentine's Complaint, the claims made therein should be dismissed.

## II.     Relief From Previous Injunctions Against Valentine

Valentine further alleges in his Addendum that the permanent injunction entered against him by the Travis County Court violates his rights under the First and Fourteenth Amendments. Dkt. No.

6 at 1. He therefore requests the Court enjoin enforcement of these injunctions. *Id*. at 22. Although the scope of the requested injunction is unclear, it appears that Valentine would at least have the Court prevent the continuation of the contempt of court proceedings brought against him in county court by Jagodzinski and Greene. *See id.* at 21-22.

Valentine's claims in his Addendum are collateral attacks on the judgment issued by the Travis County Court. Such attacks are generally impermissible, as they "seriously [undercut] the orderly process of the law." *Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995). Collateral attacks brought in federal court on the basis of a state-court ruling should be particularly avoided, as federal intervention in state-court judgments are likely to threaten principles of federalism, comity, and state sovereignty. *See Duke v. State of Tex.*, 477 F.2d 244, 248 (5th Cir. 1973). This is especially true when the party bringing the attacks has not attempted to present its federal claims in related state-court proceedings. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Because Valentine proceeded directly to collateral attacks in federal court before bringing his constitutional claims in a state-court proceeding, his presence before the Court is premature. *See Juidice v. Vail*, 430 U.S. 327, 337.

Furthermore, 28 U.S.C. § 2283 mandates that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by an Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Because the injunction Valentine seeks would stay the contempt of court proceedings currently pending in Travis County Court, and because such an injunction would not fall within the three statutory exceptions, the Court is unable to grant the relief sought. *See, e.g., Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977) (holding that the Anti-Injunction Act is

an absolute prohibition against any injunction in state-court proceedings except where one of the three exceptions apply, and that any doubts should be resolved in favor of allowing state courts to continue). Thus, Valentine fails to state a claim upon which relief may be granted, and his claims should be dismissed as frivolous. 28 U.S.C. § 1915(e)(2)(B)(ii).

## III.  ORDERS AND RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Valentine *in forma pauperis* status (Dkt. No. 1). Service upon Defendants should be withheld pending the District Court's review of the recommendations made in this report. The undersigned **FURTHER RECOMMENDS** that, pursuant to 28 U.S.C. § 1915(e)(2)(B), the District Court **DISMISS** Valentine's claims in his Complaint for lack of subject-matter jurisdiction, as well as the claims in his Addendum for failure to state a claim upon which relief may be granted.

The Court will retain jurisdiction over Defendants Jeremy Jagodzinski and Christi Greene's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11, Including Order Determining Plaintiff a Vexatious Litigant and Entry of a Prefiling Order. Dkt. No. 3. The parties to that motion–Jagodzinski, Greene, and Valentine, but not the Honorable Eric Shepperd–are **HEREBY ORDERED** to appear at 10:30 a.m. on Thursday, August 18, 2016 in Courtroom No. 3, United States Courthouse, 501 West 5th Street, Austin, Texas for a hearing on the motion.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-1429 (5th Cir. 1996) (en banc).

SIGNED this 1 day of August, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE