IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DIVISION OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **RON VALENTINE,** | § | |
| | § | |
| **V.** | § | **A-16-CV-442-LY** |
| | § | |
| **JEREMY JAGODZINSKI, et al.** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is the above-styled cause of action. The District Court referred this case to the undersigned Magistrate Judge for all purposes on August 15, 2016, 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules.

This case is the consolidation of two separate lawsuits filed by Ron Valentine. The first action, No. A-16-CV-442-LY was the subject of a report and recommendation submitted by the undersigned on August 1, 2016. Valentine had applied to proceed *in forma pauperis,* which the undersigned granted. Pursuant to 28 U.S.C. § 1915(e), the undersigned then conducted a frivolousness review. In essence, Valentine wanted the court to review and reject the rulings of certain Texas courts, and invalidate certain injunctions that had been imposed on Valentine. Applying the *Rooker-Feldman* doctrine, caselaw prohibitions of collateral attacks, and the Anti-Injunction Act, the undersigned found that the court lacked subject matter jurisdiction, and on August 1, 2016, recommended dismissal. Dkt. No. 10 at 5-8.

On the same day, Valentine filed a second suit against the same parties (plus one other, Judge Margaret Mirabel, who was specially assigned to handle Valentine's third request that Judge Shepperd recuse himself from Valentine's suits). Though they had not yet been served with the suit,

Jagodzinski and Greene apparently got notice of it, and on August 11, 2016, they filed a motion asking that it be consolidated with the first suit. Judge Yeakel granted that motion on August 15, 2016. Dkt. No. 5 in A-16-CV-919.

As in the first case, Valentine has requested leave to proceed on the claims raised in the second case without the payment of costs. No. A-16-CV-919-LY, Dkt. No. 2. Given that the Court already granted Valentine IFP status in the first case, it will **GRANT** the request as to the claims raised in the second case, now consolidated into this suit.

Because it has granted Valentine leave to proceed IFP, the Court must review the claims raised in his second suit pursuant to 28 U.S.C. § 1915(e). In his complaint, Valentine repeats the very same arguments he made in his Motion for Emergency Relief filed in the first case. *Compare* Dkt. No. 1 in A-16-CV-919-LY, *with* Dkt. No. 9 in A-16-CV-442-LY. The relief he seeks is the same he sought in the first case: an order overturning the rulings of Texas courts and invalidating injunctions placed upon Valentine. Given that the claims duplicate those the undersigned already addressed in the Report & Recommendation submitted in the original case, the Court will not repeat here the reasons why the claims are outside of this Court's jurisdiction. The proper result is clear: for the reasons set out in the prior report and recommendation, the Court lacks subject matter jurisdiction over the claims raised in the complaint originally filed in A-16-CV-919, and those claims should be dismissed for the reasons set forth in the earlier report and recommendation.

## I. ORDERS AND RECOMMENDATIONS

The Court hereby **GRANTS** the Application to Proceed In Forma Paurperis filed as Dkt. No. 2 in A-16-CV-919. Service upon Defendants should be withheld pending the District Court's review of the recommendations made in this report. The undersigned **FURTHER RECOMMENDS** that,

pursuant to 28 U.S.C. § 1915(e)(2)(B), the District Court **DISMISS** all of the claims raised in A-16-CV-919 and now consolidated into this case for lack of subject-matter jurisdiction.

## II.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).[1]

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-1429 (5th Cir. 1996) (en banc).

SIGNED this 31st day of August, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[1] In the earlier suit, prior to consolidation, Jagodzinski and Greene filed a motion for sanctions and a request that Valentine be designated a vexatious litigant so that his right to file suits against them be curtailed.  Dkt. No. 3.  The Court had set a hearing on that motion after issuing the earlier R&R, but cancelled it after the two suits were consolidated.  It is the undersigned's intention to take up that motion and set a new date for a hearing once the district court addresses this and the prior recommendations.